TECHE LINES, INC., v. SHELTON.

(Division A. Feb. 12, 1940. Suggestion of Error Overruled March 25, 1940.)

[193 So. 618. No. 33880.]

**O. M. Oates**, of Bay Springs, and **Stevens & Stevens**, of Jackson, for appellant.

**Homer Currie,** of Raleigh, and **H. L. Bayless, Jr.,** of Bay Springs, for appellee.

Argued orally by **J. Morgan Stevens** and **O. M. Oates**, for appellant, and by **Homer Currie** and **H. L. Bayless, Jr.**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant is a common carrier of passengers by bus or motor coach over public highways. The appellee recovered a judgment against it for injuries she claims to have sustained while a passenger on one of the appellant's buses because of the negligence of the driver thereof. At the close of the evidence, the appellant requested, but was refused, an instruction directing the jury to return a verdict for it.

The appellee was a passenger on one of the appel-

lant's buses and was going from Chattanooga, Tennessee, to Laurel, Mississippi. The highway on which the bus was traveling was paved and was under supervision and control of the State Highway Commission. It traverses Lauderdale County, which it enters at the Alabama-Mississippi State line. About eighteen miles north of Meridian, the highway crosses Toomsuba Creek, spanned by a concrete bridge which the bus reached after night-fall. Rain had been falling for several days, and about one hundred feet after the bus crossed this bridge it entered water which there flooded the highway, the spray from which caused by the entry of the bus therein was so great that it completely cut off vision to the front. The driver immediately applied his brakes, cautiously, but because of his inability to see, the bus was deflected to the edge of the highway, rolled partly off it, and when it stopped was tilted forward at an angle of about forty-five degrees. As to these facts, there is no serious conflict in the evidence. The negligence alleged is that the driver of the bus approached this creek at too high rate of speed, and without having the bus under control. This creek had not overflowed its banks since the highway was constructed. The bus at the time of the accident was running about forty-five miles an hour. A few miles before arriving at this creek, the driver of the bus met and passed a bus of another carrier, and also a Teche Line bus, which had just a short time previously crossed this bridge. The driver of the Teche Line bus on being asked by the driver of the bus in which the appellee was riding as to whether there was any water over the highway ahead of him replied that there was not, except at Russell, which he had safely crossed and which appeared to be going down. There is nothing in the evidence to cast doubt on the truth of this reply. Russell is several miles beyond Toomsuba Creek in the direction this bus was traveling. The driver of the bus also asked a Teche Line employee at one of the bus stations several miles before he reached this bridge whether there was any water over

the road ahead of him, who replied that his information from the company's Meridian office was that there was no water over the road except near Russell. The bus was equipped with headlights, which gave a view of the highway, through the rain and mist, of about 300 feet. As hereinbefore said, it was raining at the time, consequently, water appeared on the highway therefrom, and the overflow from this creek according to the evidence did not sufficiently change the appearance of the highway to attract attention thereto. It thus appears that the driver of this bus was not only not negligent in ascertaining whether water covered the highway at the point of the accident, but on the contrary exercised a high degree of care in attempting to ascertain whether any water was there. There is nothing in the evidence to cast doubt on the truth of the information given him a short time before he reached the place of the accident that the only water then over the highway was at Russell, and as he did not know, and was not negligent in not ascertaining, that water covered the highway, he was guilty of no negligence in relation to the speed of which he was driving.

The appellant's request for a directed verdict should have been granted.

Reversed and judgment here for the appellant.